***NOT FOR PUBLICATION***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEIRON W. BRYANT, | : |
| | : Civil Action No. 12-2242 (RMB) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| FEDERAL BUREAU OF PRISONS, | : |
| et al., | : |
| | : |
| Defendants. | : |

**APPEARANCES:**

**KEIRON W. BRYANT,** Plaintiff pro se
#22625-057
F.C.I. Fairton
P.O. Box 420
Fairton, New Jersey 08320

**BUMB**, District Judge

Plaintiff Keiron W. Bryant ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the

---

[1] Plaintiff initially failed to submit a complete application to proceed *in forma pauperis*. (Docket Entry No. 1.) This Court denied his request and administratively terminated the instant case. (Docket Entry No. 2.) Plaintiff has now submitted a complete application (Docket Entry No. 5) and the Court will re-open the case to conduct its screening.

complaint should proceed in part at this time.

## I. BACKGROUND

Plaintiff, incarcerated at the Federal Correctional Institution in Fairton, New Jersey at the time of filing, brings this civil rights action, pursuant *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against Defendants Federal Bureau of Prisons; Warden Shartle; AW Kirby; AW Tadom; AW Belafonti; Captain Lee; SHU Lt. Palmer; SHU Lt. Nolan; Operations Lt. Robbins; Lt. Hampton; John and Jane Doe; Unit Manager Petal; Plumbing Staff; SHU Staff Owens; SHU Staff Smith; SHU Staff Garwood; SHU Staff Murray; SHU Staff Hayes and SHU Staff Pulley.

Plaintiff alleges that on February 7, 2012, Defendant Hampton called Plaintiff the "hottest biggest rat on the compound" in front of the thirteen inmates who are in the Special Housing Unit with Plaintiff. Plaintiff filed a grievance against Defendant Hampton for his act and Plaintiff alleges that as a result, his segregation status was changed from administrative segregation to investigation status. Plaintiff further alleges that also in retaliation, he was moved to a cell with a broken toilet. Plaintiff alleges that he was held in that cell with the broken toilet and sewage for seventeen days. He states that he filed a grievance regarding the broken toilet and as a result, Defendant Palmer wrote him up in an incident report. Plaintiff also states that he was denied medical treatment for a toothache for 72 hours.

Plaintiff seeks monetary and injunctive relief.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to

1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578

F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### 2. *Bivens*

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution. In *Bivens*, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. Both are designed to provide redress for constitutional violations. "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

In order to state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D.Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

### B. Analysis

#### 1. Federal Bureau of Prisons

At the outset, Plaintiff may not bring a *Bivens* claim against the BOP. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (explaining that *Bivens* claims may be brought only against individual federal officers, not the United States or the BOP). As such, the Bureau of Prisons will be dismissed as a defendant with prejudice.

## 2. Retaliation Claims

Plaintiff alleges two claims of retaliation, by Defendants Hampton and Palmer, both of which occurred as a result of Plaintiff filing grievances. As a result of his filing of grievances, Defendants Hampton and Palmer increased his segregation status and wrote him up in an incident report, respectively.

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." *Bistrian v. Levi*, 696 F.3d 352, 2012 WL 4335958 at *19 (3d Cir. 2012). "Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right.'" *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 588 n. 10 (1998)). A prisoner alleging retaliation must show: (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) a causal link between the protected conduct and the adverse action taken. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

Whether the allegedly adverse action was "'sufficient to deter a person of ordinary firmness from exercising his constitutional rights' is an objective inquiry and ultimately a question of fact." *Bistrian*, 2012 WL 4335958 at *19 (quoting *Rauser*, 241 F.3d at 333). To establish a causal link, the prisoner must show that the "constitutionally protected conduct was a 'substantial or motivating factor'" in the decision to take adverse action.[2] *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir.2001) (quoting *Mount Healthy City School Dist. B. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977)).

---

[2] However, "once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to legitimate penological interest." *Rauser*, 241 F.3d at 334; *see also Carter v. McGrady*, 292 F.3d 152, 154 (3d Cir. 2002) (retaliation claim fails where prison officials would have disciplined inmate for policy violations notwithstanding his protected activity).

Here, Plaintiff's claims appear to allege that his filing of grievances was the substantial or motivating factor in Defendant Hampton's decision to increase his segregation level and Defendant Palmer's decision to file a disciplinary infraction against Plaintiff. As such, these claims survive the screening stage and shall be permitted to proceed against Defendants Hampton and Palmer.

### 3. Medical Claim

Though it is not clear, it appears that Plaintiff is alleging an Eighth Amendment claim for denial of medical treatment. Specifically, Plaintiff alleges that he had a toothache that was left unaddressed for seventy-two hours.

The Eighth Amendment's prohibition against cruel and unusual punishment obligates prison authorities to provide medical care to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a cognizable medical claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse*, 182 F.3d at 197. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is ... so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). To establish deliberate indifference, a plaintiff must show that the defendant was subjectively aware of the unmet serious medical need and failed to respond reasonably to that need. *See Farmer*, 511 U.S. at 837; *Natale*, 318 F.3d at 582; *see also Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (Deliberate indifference includes "indifference ... manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering

6

with the treatment once prescribed") (quoting *Estelle*, 429 U.S. at 105) (footnotes and internal quotation marks omitted). Although "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment, *Estelle*, 429 U.S. at 106, deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

At the outset, it is not clear whether Plaintiff was suffering from a "serious medical need." Plaintiff alleges only that he suffered from a toothache that caused swelling. Further, Plaintiff only generally alleges that he was denied medical attention for his toothache by the Special Housing Unit staff. It is not clear when he requested medical attention and from whom he requested attention. Though he states that "Mrs. Cook" told him that it was "too early" to hear Plaintiff's problems when she was making her rounds, it is not clear that he was denied treatment. As such, Plaintiff's medical claim will be dismissed without prejudice. He will be granted leave to file an amended complaint.

### 4. Remaining Defendants

With regard to the other defendants named in the caption, Plaintiff does not provide specific facts regarding any constitutional claims said defendants are alleged have committed. As such, all remaining defendants will be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendant Bureau of Prisons is dismissed with prejudice. The retaliation claims against Defendants Hampton and Palmer may proceed. The Eighth

Amendment medical claim is dismissed without prejudice.   All other defendants are dismissed without prejudice.   Plaintiff may move to file an amended complaint to correct the deficiencies, and to allege sufficient facts to demonstrate the plausibility of the dismissed claims, as outlined in *Iqbal*, and in accordance with this Opinion.   Plaintiff's motion to amend must adhere to the court rules.[2]   An appropriate order follows.

        s/Renée Marie Bumb
        RENÉE MARIE BUMB
        United States District Judge

Dated: January 17, 2013

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*